UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO.  4:19-CR-204 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **DONALD JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Donald Jones' Motion for Pretrial Release, **Doc #: 35**. Jones asks that the Court grant him temporary pretrial release pursuant to 18 U.S.C. § 3142(i). [1] Doc. #: 35 at 5.  For the following reasons, Jones' Motion is **DENIED.**

I.   **Background**

Jones was indicted by a grand jury on April 2, 2019 for being a felon in possession of a firearm, possessing heroin, fentanyl, and tramadol with intent to distribute, and for possessing a firearm in furtherance of drug trafficking.  Doc. #: 1.  He was arraigned on a superseding indictment on December 3, 2019 that updated the language for the felon in possession charge to conform with a recent Supreme Court ruling.  Doc. #: 17.

Jones waived his right to a detention hearing on April 18, 2019 and now requests that this Court reopen the decision to detain based on alleged changed circumstances.  Jones filed the present Motion on July 19, 2020. Doc. #: 35.  The Government filed its response on June 22, 2020.  Doc. #: 36.  On June 24, 2020, the Government filed a supplement updating its response

---

[1] Defendant Jones states in his motion that he "is currently convicted and awaiting sentencing," thus subject to 18 U.S.C. § 3143. Doc. #: 35 at 5.  This is inaccurate. Jones was indicted by a grand jury and is awaiting trial.

confirming that there are cases of COVID-19 in the facility where Jones is being held. Doc. #: 37. The trial is set for September 14, 2020, after being postponed due to COVID-19.

## II. Analysis

### a. Reopening of Detention Hearing

By waiving the hearing, Jones conceded that the government could prove that he is a danger to society and/or a flight risk. When a defendant waives his right to a detention hearing, the district court may only reopen a detention hearing based on changed circumstances and new information. *See United States v. Aiad-Toss,* 2020 U.S. Dist. LEXIS 54539 at *2 (N.D. Ohio, March 30, 2020); *United States v. Moore,* 2020 U.S. Dist. LEXIS 65252 at *1 (N.D. Ohio, April 14, 2020); 18 U.S.C. § 3142(f)(2)(B). However, the new information must (1) have been unknown to the movant at the time of the hearing; and (2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 F.App'x 598, 600 (6th Cir. 2012), *citing* § 3142(f).

A defendant's "physical and mental health" may be considered as a factor for reopening by the court, but there is no provision for speculative or possible future conditions. § 3142(g)(3)(A). "[A] generalized risk of contracting COVID-19 does not 'amount to a material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Bothra*, 2020 U.S. App. LEXIS 16383, at *3 (6th Cir. May 21, 2020) (quoting *United States v. Nero*, 2020 U.S. Dist. LEXIS 57971 (E.D. Mich. Apr. 6, 2020)).

Here, Jones presents only a generalized risk of contracting COVID-19. He does not allege that he has COVID-19 symptoms or that he has been exposed to any individuals with COVID-19 symptoms. Doc. #: 36 at 2. Jones bases his entire argument on the *possibility* of

contracting COVID-19, rather than on any actual change in circumstance. Although there are now confirmed cases of COVID-19 at the Northeast Ohio Correctional Center ("NEOCC"), where Jones is being held, the risk to him remains the same. Doc. #: 37. Thus, there is no new information which warrants reopening the detention hearing.

### b. Temporary Release

Jones has not convincingly argued that he should be temporarily released. A court may permit temporary release through a subsequent detention order when it is "necessary for the preparation of the person's defense or for any other compelling reason." 18 U.S.C. § 3142(i). The Defendant has the burden of establishing that circumstances warrant temporary release. *Bothra*, 2020 U.S. App. LEXIS 16383 at *4 (citation omitted). Generalized fear of contracting COVID-19 is not a compelling reason that warrants temporary release. *See id.* at *5.

Dawson presents only generalized fear of contracting COVID-19 and so temporary release is not warranted. He claims he is "at greater risk of contracting COVID-19 while he remains incarcerated." Doc. #: 35 at 4. But he has not alleged that he suffers from any condition which puts him at high risk of severe complications from COVID-19. Further, the NEOCC is taking significant steps to prevent a large-scale COVID-19 outbreak in accordance with U.S. Marshals Service guidelines and has precautionary measures in place for those with confirmed cases. *See* Doc. #: 36 at 2-4. Jones has not presented any other compelling reason for release.

### III. Conclusion

For the above reasons, Jones' Motion, **Doc #: 35**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 29, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**
