## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 4:19-cr-00204** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DONALD JONES** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Before the Court is Defendant Donald Jones' Motion for a New Trial. ECF Doc. 54. For

the reasons stated herein, Defendant's Motion is **DENIED**.

### I.    PROCEDURAL HISTORY

On April 2, 2019, Defendant Donald Jones ("Defendant" or "Mr. Jones") was named in a

four-count indictment charging him with being a felon in possession of a firearm, 18 U.S.C.

§§922(g)(1), 924(a)(2), possession with intent to distribute heroin and fentanyl, 21 U.S.C.

§§841(a)(1), (b)(1)(C), possession with intent to distribute tramadol, 21 U.S.C. §§841(a)(1),

(b)(1)(E)(2), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.

§924(c)(1)(A). ECF Doc. 1. A Jury Trial commenced on May 4, 2021, and Mr. Jones was

convicted of all four (4) counts in the Indictment on May 6, 2021. ECF Doc. 49. Following the

Jury Trial, Mr. Jones filed a Motion for a New Trial on May 20, 2021. ECF Doc. 54. On July 20,

2021, the Government filed an opposition brief. ECF Doc. 60. On August 3, 2021, Mr. Jones' reply

brief was due. On August 5, 2021, Mr. Jones' counsel advised the Court that a reply brief will not

be filed. ECF Doc. 61.

1

## II.    BACKGROUND

During the Jury Trial held on May 4, 2021, Mr. Jones' defense was that he had no knowledge of the items seized that prompted his arrest. ECF Doc. 54 at 2. Further, Mr. Jones contended that the Government failed to introduce direct evidence to prove otherwise beyond a reasonable doubt despite the options available to law enforcement including fingerprint testing, DNA analysis, firearms tracing, etc. *Id*. Specifically, Mr. Jones' counsel, Jay Milano ("Mr. Milano"), cross-examined Officer Michael Edwards ("Officer Edwards") and questioned him about his knowledge of forensics and fingerprint testing. ECF Doc. 55 at 41-59. Mr. Jones testified on his own behalf, and the Government cross-examined him. ECF Doc. 54 at 2.

Trial testimony lasted approximately two (2) days and then the jury began its deliberations. ECF Doc. 54 at 2. On the final day of deliberations, the jury submitted a two-part question: (1) "Did the defense have the right to request fingerprints?" and (2) "If the jury is sharply undecided, what is next step?" ECF Doc. 50 at 2. In addressing the first part of the jury's question, the Court initially proposed responding to the question as follows: "The defense has the right to examine evidence to determine if there are latent fingerprints and then to have an expert conduct fingerprint analysis." *Id*. Mr. Milano objected to the Court's proposed answer regarding Mr. Jones' ability to seek independent testing because he believed it shifted the burden. ECF Doc. 50 at 3-5. The Court then discussed with counsel how to answer the jury's question in order to resolve Mr. Milano's objection. *Id*. Following this discussion, the Court proposed the following answer, "The defense has the right to examine evidence for fingerprints and to have an expert conduct fingerprint analysis. The defendant has no duty to do so, and the burden of proof is always on the Government to prove the defendant's guilt beyond a reasonable doubt." ECF Doc. 50 at 5-6. The Court

confirmed with both parties that the Court's proposed answer was satisfactory, and neither counsel made any objections. *Id*.

After discussions concluded, the Court proceeded to the jury's deliberations room and stated the following in accordance with its discussion with both parties, ECF Doc. 50 at 13:

**THE COURT**: All right. Good morning, ladies and gentlemen.

**THE JURORS**: Good morning.

**THE COURT**: A little while ago I received a question signed by your foreperson. I took some time to think about it, to discuss it with counsel. The question is: "Did the defense have the right to request fingerprints?" The defense has the right to examine evidence for fingerprints and to have an expert conduct fingerprint analysis. The defendant has no duty to do so, and the burden of proof is always on the Government to prove the defendant's guilt beyond a reasonable doubt. Thank you very much.

**The JURORS**: Thank you.

Mr. Jones has moved for a new trial for the following reasons:

(1) The Court's response to the jury's factual question during the final hour(s) of deliberations introduced extrinsic/extraneous information after the jury had been charged and began deliberating; and,

(2) The information provided to the jury in response to its question implied Mr. Jones had a burden to establish his innocence, thus effectively shifting/minimizing the Government's burden to establish Mr. Jones's guilt beyond a reasonable doubt. ECF Doc. 54 at 3-4.

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 33, the court may "vacate any judgement and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33. Further, "the decision to grant or deny a new trial rests within the district court's sound discretion." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991). The burden of proof that a new trial is warranted rests

with the defendant and "such motions should be granted sparingly and with caution." *United States v. Dolan*, No. 97-1498, 1997 U.S. App. LEXIS 36767 (6th Cir. Dec. 23, 1997). "A motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Osborne*, No. 5:13CR560, 2015 U.S. Dist. LEXIS 62172, at *3 (N.D. Ohio May 12, 2015). Nevertheless, the Court will exercise such discretion to grant a new trial "only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United*, 1997 U.S. App. LEXIS 36767.  The Sixth Circuit interprets Rule 33 as giving the trial court broad powers to grant a new trial if for any reason it concludes that a trial resulted in a miscarriage of justice. Furthermore, it holds the trial court's determination will not be overturned absent an abuse of discretion. *U.S. v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967), cert. denied, 390 U.S. 924, 88 S. Ct. 854, 19 L. Ed. 2d 984 (1968) ("we have repeatedly held that the granting or refusing to grant [a new trial motion] rests within the sound discretion of the District Court and its action must stand in the absence of a clear showing of abuse of discretion.").

The Constitution guarantees a fair trial through the Fourteenth Amendment's Due Process Clause and "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury…" *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984) (citing the Sixth Amendment); *see Spencer v. Texas*, 385 U.S. 554, 563-64, 87 S. Ct. 648, 17 L. Ed. 2d 606 (1967) ("Cases in [the Supreme Court of the United States] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial."); *see also Lutwak v. United States*, 344 U.S. 604, 619, 73 S. Ct. 481, 97 L. Ed. 593 (1953) (explaining that "a defendant is entitled to a fair trial but not a perfect one").

As Mr. Jones has correctly pointed out, when discussing the proper response to jury questions, precedent has drawn "a distinction between questions of law and questions of fact." *United States v. Davis*, 970 F.3d 650, 662 (6th Cir. 2020). When a jury seeks clarification of a particular issue, the judge is charged with clearing away its difficulties "with concrete accuracy." *Bollenbach v. United States*, 326 U.S. 607, 612-13, 90 L. Ed. 350, 66 S. Ct. 402 (1946). Moreover, "when a jury indicates confusion about an important legal issue, it is not sufficient for the court to rely on more general statements in its prior charge" and "a conviction ought not to rest on an equivocal direction to the jury on a basic issue." *Id*. at 613.

## IV.    DISCUSSION

### A.  Whether the Court's Response to the Jury's Question During the Final Hour(s) of Deliberations Introduced Extrinsic/Extraneous Information After the Jury had been Charged and began Deliberating.

First, Mr. Jones contends that the Court's response to the jury's factual question during the final hour(s) of deliberations introduced extrinsic/extraneous information after the jury had been charged and began deliberating. It is Mr. Jones' position that the jury's question was "undoubtedly factual in nature," and the Court should have instructed the jury to rely upon their own recollection of the evidence and testimony as presented when reaching its verdict. *Id*. As Mr. Jones has correctly pointed out, whether a jury's question is a factual or legal question is relevant because it guides how a court should response to jury's questions. *See Pullman-Standard v. Swint*, 456 U.S. 273, 288, 102 S. Ct. 1781, 72 L. Ed. 2d 66 (1982) (noting the "vexing nature of the distinction between questions of fact and questions of law."). When a jury submits a factual question, instructing the jury to rely on its own recollection of the testimony is proper and carefully preserves the province of the jury while minimizing any prejudice to the defense or the prosecution. *United States v. McClendon*, 362 F. App'x 475 (6th Cir. 2010). However, if the jury asks a question about

the law, district courts generally should "clear away its difficulties with concrete accuracy," and a court's instruction must be measured "by whether it fairly responds to inquiry without creating a prejudice." *Id.*; *see also United States v. Giacalone*, 588 F.2d 1158, 1166 (6th Cir. 1978).

As an initial matter, the Court finds that the jury's question was not a factual question but rather a question about the law (i.e., a defendant's rights). The jury asked: "Did the defense have the right to request fingerprints?" ECF Doc. 50 at 2. A factual question generally asks what someone said or did. While a question of law generally asks what the legal obligations or rights are for one or more of the parties. Put differently, whether a defendant has a right to request fingerprint analysis is not a question about testimony or documents offered at trial. Resolution of the jury's question did not address whether Mr. Jones in fact requested fingerprint analysis, only whether Mr. Jones had the right to do so. The Court simply clarified the jury's confusion regarding Mr. Jones's right to examine evidence for fingerprints and have an expert conduct independent testing. *Id.* at 5. The Court was mindful that it "must be careful not to invade the jury's province as a fact-finder." *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989). However, the Court also had to determine how best to reach a resolution that addresses competing concerns quickly to respect the jury's time. *Davis*, 970 F.3d at 662.

In any event whether the jury's question was a question of fact or law, the Court's response did not introduce extrinsic information presented outside the testimony and evidence in trial. "Extrinsic evidence is external, outside evidence or evidence that is inadmissible or not properly before the court, jury, or other determining body."[1] The Court's response addressed a relevant issue presented during Mr. Milano's cross-examination of Officer Edwards surrounding the lack of fingerprint analysis on the seized items. ECF Doc. 55 at 41-59. The issue of fingerprint analysis

---

[1] *Extrinsic Evidence Law and Legal Definition*, USLegal, Inc., https://definitions.uslegal.com/e/extrinsic-evidence/, (last accessed July 28, 2021).

or rather the lack thereof was raised Officer Edward's questioning. Thus, the Court's response did

not present extrinsic information that was presented outside the testimony and evidence in trial.

**B.  Whether the Information Provided to the Jury in Response to its Question Implied Mr. Jones had a Burden to Establish his Innocence, thus Effectively Shifting/Minimizing the Government's Burden to Establish his Guilt Beyond a Reasonable Doubt**

The primary disputed issue for the jury to decide was Mr. Jones' knowledge (or lack

thereof) of the items seized from the vehicle in November of 2018 at the time of his arrest.

ECF Doc 54 at 6. Further, Mr. Jones' defense at trial was that he did not have any knowledge of

these items, and that the Government failed to present sufficient evidence to establish otherwise

beyond a reasonable doubt based on their failure to seek further testing of the evidence. *Id*. It is

Mr. Jones' position that the Court's response to the jury's question regarding his ability to seek

independent testing shifted and/or minimized the Government's burden. ECF Doc. 54 at 7. The

Court disagrees.

Mr. Milano objected to the Court's initial response to the jury's question regarding Mr.

Jones' right to request fingerprint evidence, ("The defense has the right to examine evidence to

determine if there are latent fingerprints and then to have an expert conduct fingerprint analysis"

ECF Doc. 50 at 2), because he believed "it shifts the burden." ECF Doc. 50 at 3. Mr. Milano further

stated that "if the question itself begs an answer that would somehow dilute the basic trial rules

like the Government's burden, the Court can fashion its answer to protect those basic rules."

ECF Doc. 50 at 4. To resolve Mr. Milano's concerns, the Court then made a proposal to modify

its response by stating, "The defense has the right to examine evidence for fingerprints and to have

an expert conduct fingerprint analysis. The defendant has no duty to do so, and the burden of proof

is always on the Government to prove the defendant's guilt beyond a reasonable doubt."

7

ECF Doc. 50 at 5-6. Notably, the Court addressed Mr. Milano's concerns by making it clear that the burden still rests with the Government to prove Mr. Jones' guilt beyond a reasonable doubt.

More importantly, when the Court asked if this modified response to the jury's question was satisfactory, Mr. Milano responded that it was. ECF Doc. 50 at 6. Having explicitly approved the Court's answer to the jury's question, Mr. Jones cannot now say it violated his constitutional rights, and any attempt to make such an argument would be tantamount to invited error. *See United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993) ("The doctrine of invited error refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit.") (other citations omitted)); *see also United States v. Reese*, 568 F.2d 1246, 1251 (6th Cir. 1977) ("Since the defendant made no objections to the jury instruction as given, this Court must review the adequacy of the instruction under the plain error standard of Rule 52(b) Federal Rules of Criminal Procedure"). Nonetheless, even if Mr. Jones did not waive his objection by approving the Court's answer, Mr. Jones' objection is devoid of any merit. The clear record undercuts Mr. Jones' argument because the Court concluded its answer by emphasizing that "the defendant has no duty to [conduct fingerprint analysis], and the burden of proof is always on the Government to prove the defendant's guilt beyond a reasonable doubt." ECF Doc. 50 at 5-6.

While Mr. Jones notes the amount of time that the jury spent deliberating versus the length of trial, it is clear that the Court's response to the jury's question did not prejudice the jury. By clarifying Mr. Jones' right to request fingerprint evidence and making it clear that the Government still had the burden of proof, the Court fulfilled its important duty to address the jury's inquires during deliberation. Accordingly, the Court finds that it did not shift or minimize the Government's burden to establish Mr. Jones' guilt beyond a reasonable doubt.

## V. Conclusion

For the reasons stated above, Defendant Donald Jones's Motion for a New Trial (ECF Doc. 54) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 5, 2021*
**Dan Aaron Polster**
**United States District Judge**